NO. 07-09-0091-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 29, 2009

______________________________

ALTON ARMSTRONG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 50,712-C; HONORABLE ANA ESTEVEZ, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON ABATEMENT AND REMAND

Appellant, Alton Armstrong, appeals from his conviction for aggravated assault with a deadly weapon and sentence, pronounced on February 26, 2009, of six years incarceration in the Texas Department of Criminal Justice, Institutional Division.  Appellant filed notice of appeal on March 16, 2009.  The clerk’s record was filed on April 29, 2009 and the trial court’s reporter was notified that the reporter’s record was due on June 1, 2009.
(footnote: 1)  Having not received the reporter’s record nor a request for extension of time to file the reporter’s record, by letter dated June 11, 2009, this Court advised the reporter that the appellate record was late and directed the reporter to advise the Court of the status of the reporter’s record on or before June 22, 2009.  As of this date, this Court has not received any communication from the court reporter.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings.  
See
 
Tex. R. App. P.
 35.3(c).  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant still desires to pursue his appeal;

2. if appellant does wish to continue his appeal, whether an alternate or substitute reporter should or can be appointed to complete the record in a timely manner.

The trial court shall cause the hearing to be transcribed.  In addition, the trial court shall (1) execute findings of fact and conclusions of law addressing the foregoing issues, (2) cause a supplemental clerk’s record to be developed containing its findings of fact and conclusions of law and any orders it may issue relating to this matter, and (3) cause a reporter’s record to be developed transcribing the evidence and arguments presented at the aforementioned hearing.  The trial court shall then file the supplemental clerk’s record and any reporter’s record transcribing the hearing with the clerk of this Court on or before July 27, 2009.  Should further time be needed by the trial court to perform these tasks, same must be requested before July 27, 2009.

It is so ordered.

Per Curiam

Do not publish.  

FOOTNOTES
1: In addition, this Court abated this cause and remanded to the trial court to hold a hearing to determine whether appellant was entitled to appointment of appellate counsel.  In the Order, this Court directed the trial court to cause the hearing to be transcribed and included in a supplemental reporter’s record and to file this supplemental reporter’s record in this Court on or before May 26, 2009.  To date, this supplemental reporter’s record has not been filed.